IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LONNIE BANKS, #K2237**                                                                          **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:20-cv-00482-HTW-LGI**

**RONALD KING, et. al.**                                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on the *Motion to Dismiss for Failure to Exhaust Administrative Remedies [52]* filed by Defendants Ron King, James Fillyaw, Pamela Robinson, Michelle Jackson, Tracy Gardner, Carrie Williams, Travis Richardson, Sean Smith, Stephanie McKinney, Britney Archie, Tonja Burks, Wendolyn Kimbrough, Emilea Dupree, and Jemarcus James on September 3, 2021. The Court entered an Order to Show Cause on March 9, 2022, providing Plaintiff until April 1, 2022, to file a Response to the Motion to Dismiss [52]. Several months have passed, and Plaintiff has not filed a response to Defendant's Motion to Dismiss [52]. Having considered the submissions, the record, and relevant law, the undersigned recommends that the Motion to Dismiss [52] be GRANTED. The evidence demonstrates that Plaintiff failed to exhaust the administrative grievance procedures at the Central Mississippi Correctional Facility ("CMCF"). Plaintiff's claims therefore fail to state a claim upon which relief may be granted. The undersigned recommends dismissal of this action.

**I.**     **Relevant Procedural History**

Plaintiff Lonnie Banks, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C.

§ 1983. Plaintiff filed suit against Defendants Ron King, James Fillyaw, Pamela Robinson, Michelle Jackson, Tracy Gardner, Carrie Williams, Travis Richardson, Sean Smith, Stephanie McKinney, Britney Archie, Tonja Burks, Wendolyn Kimbrough, Emilea Dupree, and Jemarcus James on July 27, 2020. Doc. [1]. Plaintiff's complete allegations are set forth in his Complaint and were augmented by his sworn testimony at a Spears[1] hearing before the United States Magistrate Judge on July 21, 2021.

Plaintiffs remaining claims against Defendants Ron King, James Fillyaw, Pamela Robinson, Michelle Jackson, Tracy Gardner, Carrie Williams, Travis Richardson, Sean Smith, Stephanie McKinney, Britney Archie, Tonja Burks, Wendolyn Kimbrough, Emilea Dupree, and Jemarcus James are based on physical and sexual assaults that occurred on December 12, 2019 and June 26, 2020, while Plaintiff was in the custody of the Mississippi Department of Corrections. Plaintiff testified that he contacted all Defendants, either in writing or verbally, to request that he be moved from the assailants, but was not timely aided, resulting in the alleged assaults at issue. Plaintiff also contends he contacted the Prison Rape Elimination Act Administration (PREAA) on multiple occasions to report the alleged assaults and received no response.

## II. Standard

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." Fed. R. Civ. P. 12(b)(6). "Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the Court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the pleadings." *Lewis v. Doe I*, No. 1:18cv363-LG-RHW, 2019 WL 8500864, at 1 (S.D. Miss. Nov. 27, 2019) (citing *Carbe v. Lappin*, 492 F.3d

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

325, 328 (5th Cir. 2007)), *report and recommendation adopted*, No. 1:18cv363-LG-RHW, 2020 WL 703696 (S.D. Miss. Feb. 12, 2020).

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies before filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). **Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement - the grievance process must be carried through its conclusion before suit can be filed under the Prison Litigation Reform Act.** *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16-cv-82-RHW, 2016 WL 7335645, at 2 (S.D. Miss. Dec. 16, 2016)(emphasis added).

"Proper exhaustion is determined by reference to the state grievance procedures." *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (citing Woodford, 548 U.S. at 217-218). Pursuant to Miss. Code Ann. § 47-5-801, the Mississippi Department of Corrections ("MDOC") has established a two-step Administrative Remedy Program ("ARP") that prisoners must exhaust prior to filing suit under the PLRA. *Carroll v. Lee*, Civil Action No. 4:16-cv-157-

3

MPM-RP, 2017 WL 2704121, at 3 (N.D. Miss. June 22, 2017). "The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident." If the inmate is dissatisfied with the response, "he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator." *Id.* (citing *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at 2 (S.D. Miss. May 29, 2013)).[2] "If the inmate is unsatisfied with that response, he may file suit in state or federal court." *Id.*

If an MDOC inmate believes that his grievance is too sensitive to be filed at the institution or facility where he is housed, he may file a "sensitive issue" ARP. MDOC's inmate handbook contains the following procedure regarding "sensitive issue" grievances:

> If the inmate believes that the complaint is sensitive and that [he] would be adversely affected if the complaint became known at the institution or facility, [he] may file the complaint directly to the ARP Director, and the inmate must explain, in writing, the reason for not filing the complaint at the institution/facility.
>
> If the ARP Director believes that the complaint is sensitive, he shall accept and respond to the complaint. If the ARP Director does not agree that the complaint is sensitive, he shall advise the inmate in writing and return the complaint. The inmate shall then have five days from the date the rejection memo is received to submit [his] request through regular channels, beginning with the first step.

MDOC Inmate Handbook, at 17.

---

[2] The ARP process is set forth in the MDOC Inmate Handbook, which is available at http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Smith v. Polk Cty., Fla.*, No. 805-cv-884-t-24, 2005 WL 1309910, at 3 (M.D. Fla. May 31, 2005) (taking judicial notice of inmate handbook and grievance procedures stated therein).

**III.   Analysis**

Prior to filing suit, Plaintiff filed numerous grievances through the Administrative Remedies Program ("ARP") regarding his claims. Plaintiff filed at least two grievances which he marked as "sensitive issues" and "emergency." Each of these grievances were rejected by the ARP Director, following a determination that they did not qualify as sensitive or emergency grievances. The rejection letters informed Plaintiff that he has "five (5) days from the receipt of this response to submit [his] issue to the ARP department at [his] housing facility, for consideration, as a non-emergency issue." Doc. [52-1] at 5.

The evidence submitted by Defendants establishes that Plaintiff filed his first sensitive-issue grievance on December 16, 2019. Doc. [52-1] at 3. Plaintiff's sensitive-issue grievance was rejected by ARP Director R. Pennington by letter dated December 17, 2019, which provided:

> Your "sensitive" request has been received in this office.
>
> Your sensitive issue request has been reviewed. In order for your complaint to be treated as sensitive, the Director of the ARP Program must agree with you and accept is as a sensitive issue.
>
> I do not find that this matter meets the criteria for sensitive treatment; therefore, I am returning it to you for submission through the Administrative Remedy Program as a non-sensitive ARP and is therefore denied as to sensitive issue.
>
> You will have five (5) days after receipt of this response to submit your potential grievance through regular channels to ILAP staff. ILAP will log the request into OffenderTrak and then forward it to the ARP department at your housing facility for consideration.

Doc. [52-1] at 2.   Plaintiff's emergency grievance was also rejected by ARP Director R. Pennington by letter dated December 17, 2019, which provided:

> I do not find that this issue meets the criteria for emergency review, so I am returning it to you for submission as a regular ARP for consideration.

> You will have five (5) days after receipt of this response to submit your issue to the ARP department at your housing facility, for consideration, as a non-emergency issue.

Doc. [52-1] at 5.

Plaintiff sent at least seven (7) grievance letters through the regular ARP process. ARP Director R. Pennington forwarded each of Plaintiff's letters to the MDOC Corrections Investigation Division ("CID") Director by letters dated January 17, 2020, January 29, 2020, and February 27, 2020, March 3, 2020, March 17, 2020, May 21, 2020, and June 11, 2020, which provided:

> I have forwarded your letter to CID Chief Sean Smith in order for CID to conduct an investigation into your allegations. You should contact him or his team only with questions or concerns regarding this issue.
>
> If you are not satisfied with CID's results at the completion of their investigation, you may submit your complaint, along with proof of completion, to your facility's ARP office for consideration.

Doc. [52-1] at 11, 16, 20, 23, 26, 30, and 34.

On July 20, 2020 and July 28, 2020, ARP Investigator Raniece Matthews sent Plaintiff a letter setting forth instructions on "how to enter the ARP process." Doc. [52-1] at 41. Plaintiff's final sensitive-issue grievance, submitted after filing this lawsuit, was rejected by ARP Director R. Pennington by letter dated September 9, 2020. Doc. [52-1] at 53. According to the affidavit of Le Tresia Stewart, Investigator II for the ARP at CMCF:

> Offender Lonnie Banks, #K2237, did submit correspondence which contain and/or make reference to his allegations of being placed in a cell with a C-Custody homosexual offender", who allegedly sexually assaulted him.
> …
> That due to the nature of the content, the above-mentioned correspondence was not processed through the Administrative Remedy Program.
>
> That due to the PREA Protocol, the above-mentioned correspondence was forwarded to MDOC C.I.D. Director Sean Smith on each occurrence.

6

Doc. [52-1] at 1.

The record demonstrates that Plaintiff never re-filed his grievances through the appropriate channels. There is no record of Plaintiff ever filing a first step offender relief form with the ARP office at CMCF. Moreover, the many rejection letters instructed Plaintiff to submit his "complaint, along with proof of completion, to [his] facility's ARP office for consideration." Doc. [52-1] at 11, 16, 20, 23, 26, 30, and 34. There is no record of Plaintiff ever submitting his complaint and proof of completion from the CID to the CMCF ARP office. Plaintiff has submitted nothing to rebut Defendants' evidence.

As the Supreme Court has made clear, the PLRA's requirement that an inmate exhaust "such administrative remedies as are available" applies even when the grievance procedure cannot provide the specific relief requested. *Booth v. Churner*, 531 U.S. 731, 732 (2001). Therefore, it is clear based on the record that Plaintiff failed to exhaust his demonstrative remedies as to these "sensitive issues" and "emergency" grievances prior to filing suit. *See Humphrey v. Hall*, Civil Action No. 1:19-cv-362-HSO-RHWR, 2021 U.S. Dist. LEXIS 255464 (S.D. Miss. Nov. 1, 2021) (recommending dismissal after six (6) sensitive and emergency ARP grievances were rejected and Plaintiff failed to exhaust any "regular" ARP grievance).

The undersigned finds that Plaintiff failed to exhaust the administrative grievance procedure at CMCF before filing this suit in federal court. Thus, the undersigned recommends Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

## IV.   Recommendation

Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies [52] should be GRANTED. The evidence demonstrates that Plaintiff failed to exhaust the

administrative grievance procedures at the CMCF. Plaintiff's claims therefore fail to state a claim upon which relief may be granted. The undersigned recommends dismissal of this action.

### Notice of Right to Appeal/Object

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 26th day of May, 2022.

/s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE